UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Steven Matthew Monger,<br><br>    Petitioner,<br><br>v.<br><br>Jeanne Woodford,<br><br>    Respondent. | CASE NO. CV 06-1302-GHK<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |

This matter is before the Court on Petitioner Steven Matthew Monger's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition"). On June 13, 2006, Petitioner filed the Petition alleging that the state violated its plea agreement with Petitioner and that the Board of Prison Terms ("BPT") inappropriately recharacterized Petitioner's crime as first degree murder. On December 1, 2006, Respondent Jeanne Woodford ("Respondent") filed an Answer. On February 14, 2007, Petitioner filed a Traverse. We have now considered the papers filed in support of and opposition to this Petition, and deem this matter appropriate for resolution without oral argument. L.R. 78-230(h). The parties are familiar with the facts in this case. They will be repeated only as necessary. Accordingly, we rule as follows:

I.    **Standard of Review**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), we

cannot grant this Petition unless we determine that the California superior court decision[1] "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

## II. Petitioner's Plea Agreement

Petitioner argues that district attorney Carmine improperly characterized Petitioner's conviction for second-degree murder as a conviction for first-degree murder, in violation of his plea agreement with the state. He also claims that the BPT's consideration of facts that purportedly constitute first degree murder violated Petitioner's due process rights because he pled, pursuant to the plea agreement, to second degree murder.

On March 21, 1990, Petitioner pled no contest to second degree murder. In exchange for Petitioner entering a plea of no contest, the state agreed that the degree of murder would be stipulated as second degree murder, that the balance of the information filed against Petitioner would be dismissed, and that the sentence imposed would be a term of 15 years to life. (Pet. Traverse Ex. B at 2:5-16.) Petitioner agreed that this was his understanding of the plea agreement and that he understood he would receive a term of 15 years to life in state prison. (*Id.* at 3:2-12.) He also stated that no one had made any promises to him to cause him to enter his plea of no contest except what had been

---

[1] Under the "look-through" doctrine, "where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." *Ylst v. Nunnemaker*, 501 U.S. 797, 803–04 (1991). On November 22, 2004, the superior court found: "nothing in the record presented by Petitioner that supports his contentions that the BPT or the Alameda County District Attorney's Office has characterized the conviction as a First Degree Murder. There has been no violation of petitioner's statutory or constitutional rights. Further the Petitioner has submitted only the decision of the parole hearing so a complete review of the proceedings is not possible." (Resp. Exh. G).

stated on the record, as discussed above. Therefore, the plea agreement only concerned the charges to which Petitioner would plead, the charges that would be dropped, and Petitioner's prison term. As a benefit of that bargain, Petitioner received a sentence of 15 years to life, instead of a sentence that accompanies a first degree murder conviction. The state never agreed to temper its arguments at Petitioner's parole hearings or to constrain itself to a certain set of fictional facts that would support only a second degree murder conviction. At neither the 2000 or the 2004 hearing did Mr. Carmine state that Petitioner was convicted for first degree murder. He correctly argued the facts in this case.

Moreover, the BPT did not "utilize" Petitioner's dismissed first degree murder count in Petitioner's 2004 parole hearing. The BPT explained the facts in this case as they were, and Petitioner agreed with the BPT's version of the facts. The BPT is under no obligation to ignore relevant facts in a prisoner's record simply because those facts could sustain a more serious conviction than that to which Petitioner had pled. Put another way, Petitioner's plea did not transform the underlying facts. The BPT can use all facts at its disposal to determine whether Petitioner poses an unreasonable risk of danger to society if released. Lastly, the BPT agreed that Petitioner was only convicted of second-degree murder. It even indicated that were Petitioner suitable for parole, it would set a parole date according to the matrix for second degree murder. (Pet. Ex. B at 7:7–8:2.)

//
//
//
//
//
//
//
//

Accordingly, the superior court's decision in this case was not contrary to, and did not involve an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States. Furthermore, it was not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

**III. Conclusion**

Accordingly, we **DENY** Petitioner's Petition for Writ of Habeas Corpus.

**IT IS SO ORDERED.**

DATED: April 13, 2009

GEORGE H. KING
United States District Judge[2]

---

[2] United States District Judge for the Central District of California sitting by designation.